**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jen-Lung David Tai, an individual, | No. CV-16-02810-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Minka Lighting, Inc., a California corporation, | |
| Defendant. | |

Plaintiff Jen-Lung David Tai is the inventor of a fan blade attachment assembly for ceiling fans that eliminates the typical nut-and-bolt connection and allows for easy installation and removal of blades. On May 9, 2000, he was issued a patent for the invention titled "Impeller and Fan Blade Attachment Assembly" with patent number 6,059,531 (the 531 patent). Plaintiff and Defendant Minka Lighting, Inc. entered into a licensing agreement on March 1, 2003.

On August 22, 2016, Plaintiff filed a complaint against Defendant that purports to assert three causes of action: patent infringement, breach of licensing agreement, and breach of the duty of good faith and fair dealing. (Doc. 1.) Defendant has filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 22.) The motion is fully briefed. (Docs. 23, 25.) For reasons stated below, the motion is granted.[1]

---

[1] Plaintiff's request for oral argument is denied because the issues are adequately briefed and oral argument will not aid the Court's decision. *See* LRCiv 7.2(f).

## I. Legal Standard

A successful Rule 12(b)(6) motion must show that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support such a theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss only where it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the court must take "the well-pled factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## II. Discussion

Defendant does not dispute that patent infringement, breach of a licensing agreement, and breach of the duty of good faith and fair dealing constitute cognizable legal theories. Rather, Defendant argues that the complaint fails to allege sufficient factual allegations to state a plausible claim to relief under any theory. (Doc. 22.) The Court agrees.

### A. Patent Infringement

Patent infringement occurs when a person, without authority, "makes, uses, offers to sell, or sells any patented invention." 35 U.S.C. § 271(a). To prove infringement, the patentee "must show that an accused product embodies all limitations of the claim either literally or by the doctrine of equivalents." *Cephalon, Inc. v. Watson Pharms., Inc.*, 707 F.3d 1330, 1340 (Fed. Cir. 2013). The failure to "meet a single limitation is sufficient to negate infringement of the claim[.]" *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991).

Plaintiff's infringement claim is modeled after Form 18 referenced in Federal Rule

of Civil Procedure 84 and contained in the appendix to the rules. (Doc. 1 ¶¶ 19-25.) In addition to a jurisdictional statement and request for relief, Form 18 required allegations that the plaintiff owns the patent, that the defendant has infringed the patent by making, selling, or using a device embodying the patent, and that the plaintiff has provided notice of infringement. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012). "Form 18 provided an 'example complaint for patent infringement that merely included an allegation that the defendant infringed the asserted patent' without specific factual allegations.'" *Beer Barrel, LLC v. Deep Wood Brew Prods., LLC*, No. 16-cv-00440-DN, 2016 WL 5936874, at *3 (D. Utah Oct. 12, 2016) (citation omitted).

Citing *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277 (Fed. Cir. 2013), Plaintiff contends that an infringement claim styled after Form 18 "effectively immunizes a claimant from attack regarding the sufficiency of the pleading." (Doc. 23 at 4.) But this is no longer the case.

As of December 1, 2015, Rule 84 was abrogated along with the appendix of forms it referenced, including Form 18. Under the amended rules, patent infringement claims are now subject to the heightened pleading standards established by *Twombly* and *Iqbal*, requiring plaintiffs to demonstrate a "plausible claim for relief." Indeed, the majority of courts have found that the *Twombly/Iqbal* "pleading standard now applies to direct patent infringement claims and that complaints which merely comply with Form 18 are no longer immunized from attack on that basis." *e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-cv-05790-JST, 2016 WL 4427209, at *2 (N.D. Cal. Aug. 22, 2016) (citing cases). Stated differently, with "the abrogation of Form 18, so too went the patent infringement exception to the civil pleading requirements set forth in *Twombly* and *Iqbal*." *Tannerite Sports, LLC v. Jerent Enters., LLC*, No. 6:15-cv-00180-AA, 2016 WL 1737740, at *3 (D. Or. May 2, 2016); *see President & Fellows of Harvard College v. Micron Tech., Inc.*, --- F. Supp. 3d ----, 2017 WL 404891, at *1 & n.5 (D. Mass. Jan. 30, 2017) (noting that "in the absence of Form 18, patent infringement pleadings now are held to the

'plausibility' standard described in *Twombly*"); *Robern, Inc. v. Glasscrafters, Inc.*, --- F. Supp. 3d ----, 2016 WL 3951726, at *4 (D.N.J. July 22, 2016) (holding that "with the abrogation of Rule 84 and Form 18, there is no longer any credible conflict between Supreme Court precedent and Form 18"); *Scripps Research Inst. v. Ilumina, Inc.*, No. 16-cv-611 JLS, 2016 WL 6834024, at *4 (S.D. Cal. Nov. 21, 2016) (noting that "the pleading standards under *Twombly* and *Iqbal* – not Form 18 – now govern claims for direct infringement of a patent").

Defendant argues, correctly, that the patent infringement claim alleged in the complaint falls far short of the standard for stating a plausible claim to relief under *Twombly* and *Iqbal*. (Doc. 22 at 6-8.). Plaintiff recites the terms of the 531 patent and alleges, in conclusory fashion, that Defendant infringes the patent "by making, using, selling and offering for sale ceiling fans in the United States and/or importing into the United States that embody or use the invention claimed in the 531 patent, including those sold under the name Minka Aire Fans." (*Id.* ¶¶ 17, 20-22.) Since the abrogation of Rule 84 and Form 18, these general allegations do not suffice to survive a motion to dismiss. Rather, to meet the pleading requirements of *Twombly* and *Iqbal* and avoid dismissal, the complaint must "plausibly allege that the accused product practices each of the limitations found in at least one asserted claim." *e.Digitial*, 2016 WL 4427209, at *3. "This is because 'the failure to meet a single limitation is sufficient to negate infringement of a claim.'" *Id.* (quoting *Laitram Corp.*, 939 F.2d at 1535).

The 531 patent contains twenty separate claims (Doc. 1-1 at 7-8), but the complaint fails to specify which claim allegedly is infringed. Because the failure to practice even a single limitation is all that separates innovation from infringement, "there is always an obvious alternative explanation where a plaintiff does not allege facts about each element." *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016). Thus, "factual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement – they are merely compatible with infringement." *Id.* Where a complaint, like the one in this case,

"pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The complaint also fails to identify which specific products allegedly infringe the 531 patent. To survive dismissal, "the factual allegations in a patent infringement complaint must identify the specific products accused." *Bender v. LG Elecs. U.S.A., Inc.*, No. C 09-02114 JF, 2010 WL 889541, at *4 (N.D. Cal. Mar. 11, 2010). The complaint references generally ceiling fans "sold under the name Minka Aire Fans" (Doc. 1 ¶¶ 20-22), but "[c]ommon sense requires more specific identification of the products in any given product category that are allegedly infringing." *Id.* at *3. Indeed, deciding the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court agrees with Defendant, "especially in light of the abrogation of Rule 84 and Form 18, [that] a plaintiff must offer sufficient specificity to put the defendant on notice of which products are at issue." *TeleSign Corp. v. Twilio, Inc.*, No. CV-16-2106 PSG, 2016 WL 4703873, at *3 (C.D. Cal. Jan. 11, 2017). Moreover, even if "products sold under the name Minka Aire Fans" were sufficiently specific, Plaintiff "does not state a plausible claim for patent infringement by simply identifying the allegedly infringing products and reciting the elements of a patent infringement claim in conclusory fashion, absent any factual support." *Apollo Fin., LLC v. Cisco Sys., Inc.*, 190 F. Supp. 3d 939, 943 (C.D. Cal. June 7, 2016).

To the extent the infringement claim is based on alleged inducement of others or contributory infringement (Doc. 1 ¶¶ 21-22), the claim fails as a matter of law because Plaintiff has not stated a plausible claim for direct infringement. *See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005) (direct infringement is an element of an inducement claim under 35 U.S.C. §271(b)); *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010) (same with respect to a claim for contributory infringement). Moreover, the allegations of

inducement and contributory infringement are conclusory and lack the specificity required to survive a motion to dismiss. "Under *Twombly*, a complaint that offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not suffice." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) (internal quotation marks omitted).

Defendant argues that the infringement claim is barred by the existence of a valid licensing agreement because infringement can occur only where a person makes, uses, or sells a patented invention "without authority." (Doc. 22 at 11-13.) Defendant notes that the agreement is still in effect, and the complaint makes this clear by alleging that Defendant presently is in breach of the agreement and the breach is ongoing. (Doc. 1 ¶¶ 29-32.) Plaintiff does not directly dispute Defendant's position, but instead responds by citing cases involving infringement of a copyright – not a patent – and noting that certain conduct outside the scope of a license may constitute copyright infringement. (Doc. 23 at 5.)

It is fair to say that, to the extent Defendant's alleged conduct involving the 531 patent is governed by the licensing agreement, and Defendant has authority to engage in the conduct under the express terms and scope of the agreement, an infringement claim based on the conduct is barred by the agreement. This is not to say, however, that Defendant's conduct or lack thereof may not give rise to a breach of licensing agreement claim where, for example, there are well-pled and specific allegations showing that Defendant has breached the agreement by failing to pay royalties to Plaintiff for use of the 531 patent. Nor is the Court foreclosing the possibility of alleged misconduct giving rise to both an infringement claim and one for breach of the licensing agreement. Given the complaint's lack of specificity about Defendant's conduct, however, the Court cannot make this determination.

Citing language from *Conley v. Gibson*, 355 U.S. 41, 47 (1957), Plaintiff asserts that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts" that would entitle him to relief. (Doc. 23 at 2.) In *Twombly*,

however, the Supreme Court laid to rest this familiar language from *Conley*, noting that "the 'no set of facts' language 'has earned its retirement' and 'is best forgotten.'" *Rick-Mik Enters., Inc. v. Equilon Enters. LLC*, 532 F.3d 963, 970-71 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 563).

Where, as here, the complaint's "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The Court concludes that Plaintiff's patent infringement claim fails to state a plausible claim for relief and therefore must be dismissed. *See e.Digitial*, 2016 WL 4427209, at *3.

### B. Breach of the Licensing Agreement

The allegations in the breach of licensing agreement claim likewise fail to satisfy Rule 8's pleading requirement. The claim alleges, in conclusory fashion, that Defendant has certain obligations under the agreement and is in breach those obligations (Doc. 1 ¶¶ 28-31), but fails to allege specific facts in support of the claim. Alleging generally that Defendant has failed to compensate Plaintiff and has refused to cooperate in the prosecution of other unnamed infringers does not suffice. In short, the second cause of action is "simply a formulaic recitation of the elements of breach of contract, which is insufficient to withstand a motion to dismiss under Rule 12(b)(6)." *Kane v. Delong*, No. CV-13-05021-KAW, 2014 WL 894587, at *4 (N.D. Cal. Mar. 4, 2014) (citing *Twombly*, 550 U.S. at 555)); *see Junod v. Dream House Mortg. Co.*, No. CV-11-7035-ODW, 2012 WL 94355, at *6 (C.D. Cal. Jan. 5, 2012) (dismissing conclusory breach of contract allegations that were "devoid of facts supporting such conclusions" and a "mere formulaic recitation of the elements of a breach of contract claim").

### C. Breach of the Duty of Good Faith and Fair Dealing

Arizona law "implies a covenant of good faith and fair dealing in every contract." *Rawlings v. Apodaca*, 726 P.2d 565, 569 (Ariz. 1986). "This obligation 'preserves the spirit of the bargain rather than the letter' and guarantees the protection of the parties'

1 reasonable expectations[.]" *Bike Fashion Corp. v. Kramer*, 46 P.3d 431, 434 (Ariz. Ct. App. 2002) (citation omitted). The covenant is breached "by exercising express discretion in a way inconsistent with a party's reasonable expectations and by acting in ways not expressly excluded by the contract's terms but which nevertheless bear adversely on the party's reasonably expected benefits of the bargain." *Id.* at 434-35. A party to a contract, however, "cannot breach the implied covenant merely by failing to comply with one of the contract's express terms." *Aspect Sys., Inc. v. Lam Research Corp.*, No. CV-06-1620-PHX-NVW, 2006 WL 2683642, at *3 (D. Ariz. 2006) (citing *Bike Fashion*, 46 F.3d at 435).

Defendant argues that the third cause of action fails to state a claim for breach of the implied covenant because it merely re-alleges breaches of express contract terms. (Doc. 22 at 14.) Plaintiff responds to this argument only by citing to the complaint's allegations, which are reproduced in the response brief, and asserting in conclusory fashion that the "allegations of the duty of good faith and fair dealing are not the same as the breach of contract claims." (Doc. 23 at 16.) The Court finds the cited allegations – much like Plaintiff's response – to be conclusory and devoid of factual support. Because Plaintiff has not shown how Defendants have breached the implied covenant other than through the breach of an express contractual term, the third cause if action fails to state a plausible claim to relief. *See Aspect Sys.*, 2006 WL 2683642, at *3.[2]

**III. Leave to Amend**

Having decided to dismiss the complaint, the Court must consider Plaintiff's request for leave to amend. (Doc. 23 at 17.) Rule 15(a)(2) requires the Court to "freely give leave when justice so requires." Leave need not be granted, however, "where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props.,*

---

[2] Plaintiff asserts new factual allegations in his response (Docs. 23 at 14-15) and offers a declaration with 70 pages of exhibits in support of those allegations (Doc. 24). For purposes of a Rule 12(b)(6) motion, however, the Court may not consider matters outside the pleadings. *See* Fed. R. Civ. P. 12(d). The Court declines Plaintiff's invitation to convert Defendant's motion to dismiss to one for summary judgment.

- 8 -

*Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Although Defendant requests that the complaint be dismissed with prejudice (Doc. 25 at 9), it does not argue, and the Court otherwise does not find, that leave to amend is unwarranted under Rule 15(a)(2).  Plaintiff's request therefore is granted.

The Court notes, however, that Plaintiff had an opportunity to amend the complaint, but declined, after conferring with Defendant about the complaint's deficiencies.  (Doc. 22 at 9 n.1, 13).  The Court is not inclined to grant additional leave to amend if the amended complaint proves to be deficient.  *See Ascon Props.*, 866 F.2d at 1160 (the court's discretion to deny leave to amend is "particularly broad where plaintiff previously has amended the complaint").

In light of Plaintiff's declaration and numerous attachments, he is advised that although the factual allegations of an amended complaint must be sufficient to raise a right to relief above the speculative level under *Twombly* and *Iqbal*, it is not necessary "to provide a lengthy narrative setting forth every detail regardless of how trivial or irrelevant." *Peyton v. Vasquez*, No. 1:06-cv-01758-OWW-GSA, 2008 WL 4168837, at *1 (E.D. Cal. Sept. 5, 2008).  Rule 8 requires a "short and plain statement" of the claim showing an entitlement to relief, and provides that each allegation must be "simple, concise, and direct."  Fed. R. Civ. 8(a)(2), (d)(1).  The amended complaint should not contain legal arguments or otherwise read like a Rule 56 summary judgment motion and statement of facts.[3]

/ / /

/ / /

/ / /

---

[3] The parties should also take note that following re-assignment of the case from Judge Eileen S. Willett, the correct case number is:  CV-16-02810-PHX-DLR.  The minute order dated December 7 (Doc. 16) erroneously listed the new case number with the initials "ESW" instead of "DLR."  The parties should use this new correct case number for all future filings.  Defendant is advised that the proper font size is 13 (or 10 pitch), including footnotes.  *See* LRCiv 7(b)(1).

**IT IS ORDERED** that Defendant's motion to dismiss the complaint (Doc. 22) is **GRANTED**. Plaintiff shall have until **February 24, 2017** to file an amended complaint.

Dated this 13th day of February, 2017.

Douglas L. Rayes
United States District Judge